## ABBY C. PHILBROOK *vs.* HIRAM CLARK.

Kennebec. Opinion March 17, 1885.

*Mortgage debt. Presumption of payment.*

The presumption of payment of a mortgage debt, arising from the possession of the mortgaged premises by the mortgagor, or his assigns, for more than twenty years after the maturity of the debt, may be rebutted.

Where the holder of the mortgage permitted his mother, who was the mortgagor, and his sister, to whom the mother conveyed the equity, to occupy the premises for more than twenty years, and he testified without contradiction that the mortgage debt had not been paid, and that he permitted such occupancy by his mother and sister because of the relationship. *Held,* that the proof to rebut the presumption of payment was ample and explicit.

ON REPORT.

An action to foreclose a mortgage on a lot of land in Augusta.

*W. P. Young,* for the plaintiff.

*S. and L. Titcomb,* for the defendant.

EMERY, J. The demandant's title is based on the mortgage from Sarah Ladd to Nathan Weston, dated October 18, 1858, to secure two notes of the same date, on one and two years respectively. The tenant claims the mortgage debt is paid and relies upon the presumption of payment, arising from the lapse of more than twenty years from the maturity of the mortgage, to wit. October 18, 1860, the writ being dated September 27, 1883. The demandant offered evidence to rebut the presumption and claims that it is rebutted.

The demandant was assignee of the mortgage, through mesne assignments, and he put in evidence, the mortgage and both notes secured thereby. George W. Ladd, a son of the mortgagor, testified that he bought the mortgage of Weston, August 29, 1862, and held the mortgage and notes as his own till he assigned them to his nephew in 1877, that he then held them for his nephew till 1879, when they were assigned to the demandant, his daughter, that he has been his daughter's agent,

and as such kept the mortgage and notes till produced at the trial, that nothing has ever been paid on the notes, that his mother lived on the premises till her death in 1874 or 1875, and after her death his sister Mary lived on them, that he permitted them so to do because they were his mother and sister. The tenant claims under Mary. This testimony is uncontradicted, and there was no other material testimony on this point. One ground of presumption of payment growing out of lapse of time, is that a man is always ready to enjoy his own. Whatever will repel this, will take away the presumption of payment, and for this purpose it has been held sufficient, that the party was insolvent, or a near relation. *Wanamaker* v. *Buskirk*, Saxton, (N. J.) 685; 23 Am. Dec. 755. Here the holder of the mortgage from 1862, was the son of the mortgagor and the brother of Mary. The son seems to have had control of the matter, and he says the mortgage has not been paid, and that he permitted his mother and sister to occupy the homestead without enforcing payment. The proof to rebut the presumption should always be ample and explicit. We think it is so in this case.

The tax title is not valid. The tax was assessed to "Estate of Sarah Ladd." *Fairfield* v. *Woodman*, 76 Maine, 549. Indeed the claim by tax title is not insisted on.

*Judgment for demandant.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and FOSTER, JJ., concurred.